Luis A. Carrillo, Esq., SBN70398
Michael S. Carrillo, Esq., SBN 258878
**CARRILLO LAW FIRM LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE D.M. DOE, a minor, by and through her Guardian ad Litem, Ivette Rodriguez; <br><br><br> Plaintiffs, <br><br> vs. <br><br><br> COUNTY OF LOS ANGELES, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  2:20-cv-3218 <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983) <br> 2. Municipal Liability – Ratification (42 U.S.C. § 1983) <br> 3. Municipal Liability – Failure to Train (42 U.S.C. § 1983) <br> 4. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) <br> 5. Negligence (Wrongful Death) <br> 6. Battery (Wrongful Death) <br> 7. Violation of Bane Act (Cal. Civil Code § 52.1) <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

JANE D.M. DOE, a minor, by and through her Guardian ad Litem, Ivette Rodriguez ("Plaintiff"), asserts these claims in the instant complaint ("Complaint") against the Defendants COUNTY OF LOS ANGELES ("COUNTY"), and DOES 1 THROUGH 10, inclusive, and alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because PLAINTIFFS assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

2.    This Court has supplemental jurisdiction over PLAINTIFFS' claims arising under State law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the Federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because DEFENDANTS reside in the Central District of California, and all incidents, events, and occurrences giving rise to this action occurred in the Central District.

**PARTIES**

4.    At all relevant times, Alfredo Montalvo ("DECEDENT") was an individual residing in the City of Los Angeles, County of Los Angeles, California.

5.    Plaintiff JANE D.M. DOE was born on **April 11, 2008** and is a minor residing in the County of Los Angeles, California. Plaintiff is the natural born daughter of DECEDENT and this has confirmed by DNA testing. Plaintiff sues in her individual capacity as the daughter of DECEDENT and in a represent capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. Plaintiff seeks both survival and wrongful death damages.

6.    Defendant the COUNTY OF LOS ANGELES, (also referred to as "COUNTY"), at all relevant times herein mentioned was and is a business entity, of form unknown, having its principal place of business in the County of Los Angeles, State of California. The COUNTY OF LOS ANGELES purposely conducts substantial business activities in the State of California.

7.    At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") is, and was, a duly organized public entity existing under the laws of

the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, negligence, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Sheriff's Department ("SHERIFF'S DEPARTMENT") and its agents and employees such as Defendants DOES 1-10. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1 through 10.

8.     At all relevant times, Defendants DOES 1-10, were duly appointed COUNTY OF LOS ANGELES Sheriff's Deputies and were employees or agents of COUNTY, and Defendants DOES 1-10 were subject to oversight and supervision by COUNTY's elected and non-elected officials, and DOES 1-10 acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY of LOS ANGELES and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and under the color of the statutes and regulations of the State of California.

9.     The present Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-10, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege said defendants' true names and capacities when ascertained. Plaintiff is informed and believes, that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the acts and/or omissions of said fictitiously named defendants.

10.     At all times relevant hereto, DOES 1 through 10, were residents of the County of Los Angeles, and at all times mentioned herein were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the Los Angeles Sheriff's Department, and under the color of the

statutes, regulations, and laws of the State of California. On **April 26, 2009** said Defendants were acting within their capacity as employees of the COUNTY when they shot DECEDENT sixty-one (61) times and killed DECEDENT.

11.     Defendants, DOES 1-10, as duly sworn peace officers, were specifically authorized by Defendant COUNTY to perform the duties and responsibilities of sworn officers and law enforcement officers of the COUNTY of Los Angeles Sheriff's Department, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as Sheriff's Deputies for Defendant COUNTY, and as law enforcement officers for Defendant COUNTY. DOES 1-10 are also sued herein in their individual capacity and in their official capacity as peace officers of the COUNTY of Los Angeles Sheriff's Department. The Defendant COUNTY condoned, acquiesced, and/or ratified all of the acts and

omissions of Defendants DOES 1-10 complained of herein.

12.     In doing all of the acts and omissions hereinafter described, Defendants DOES 1-10 were acting with the permission and consent of COUNTY; and Defendants DOES 1-10 were acting under the color of law as COUNTY employees.

13.     At all times mentioned herein, each and every Defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

14.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, all Defendants ratified all of the acts complained of herein.

15.     On **November 6, 2009**, three of DECEDENT's family members filed a complaint against the COUNTY in this Superior Court for the County of Los Angeles, Case No. **TC023708**, for the alleged violation of civil rights, negligence, negligent hiring, training and supervision, battery, intentional infliction of emotional

distress, and wrongful death. The November 6, 2009 complaint, Case No. TC023708, did not include JANE D.M. Doe as a Plaintiff.

16.     On **November 20, 2012**, a twelve-person jury returned a verdict awarding three of DECEDENT's family members $8.5 million in damages after finding that the COUNTY was negligent in the shooting of DECEDENT; that the COUNTY Sheriff's Deputies shooting of DECEDENT was a substantial factor in causing death to DECEDENT; the COUNTY Sheriff's Deputies interfered or attempted to interfere with DECEDENT's civil rights by threatening to commit violent acts; and that the COUNTY Sheriff's Deputies' violation of DECEDENT's civil rights were a substantial factor causing damage to DECEDENT. The verdict in Case No. TC023708 did not include JANE D.M. DOE as a Plaintiff, and the claims of Plaintiff JANE D.M. DOE have not been adjudicated by any State or Federal tribunal. The claims of Plaintiff JANE D.M. Doe still remain without adjudication and, in the furtherance of the interests of justice the instant Complaint seeks a judicial remedy for the claims of Plaintiff JANE D.M. DOE.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

18.     On or about **April 26, 2009**, at or near the intersection of Santa Fe and Norton Avenues in the city of Lynwood, California, Defendants DOES 1-10 shot Alfredo Montalvo sixty one (61) times and Alfredo Montalvo was unarmed at the time he was shot and killed by DOES 1-10. As a result of the gunshots inflicted upon Alfredo Montalvo, he suffered serious and fatal injuries. Alfredo Montalvo was 29 years old at the time of his death. The present action arises from these facts.

19.     At the above-identified date and at or near the above-identified location, DECEDENT was lawfully in a vehicle on a public street when he was shot by Defendants DOES 1-10, who were employed and working within the course and

scope of their employment as Deputies and law enforcement Officers for the County of Los Angeles Sheriff's Department and Defendant COUNTY. Due to the lack of adequate training by Defendant COUNTY, Defendants DOES 1-10 negligently assessed the circumstances presented to them, and DOES 1-10 violently confronted and unjustifiably detained DECEDENT without probable cause or reasonable suspicion that DECEDENT had committed a crime, or would commit a crime in the future. Without warning, Defendants DOES 1-10 discharged their COUNTY issued firearms at the DECEDENT while he was passively sitting in a vehicle, shooting him sixty-one (61) times. DECEDENT suffered severe and fatal injuries that ultimately caused his death as a direct and proximate result of the 61 gunshot wounds.

20.     Defendant DOES 1-10 shot DECEDENT 61 times without justification. Said shooting was without provocation, cause or necessity as DECEDENT was not engaging in any illegal conduct, nor did he pose a threat or represent a danger of any nature to anyone, including to Defendants DOES 1-10. Accordingly, the shooting of DECEDENT was unjustified and this use of force was unwarranted and excessive under the circumstances and in violation of the laws of the State of California and under Federal laws.

21.     Plaintiff is informed and believes, and thereon alleges, that DECEDENT was not armed at the time of the incident alleged herein. Both prior to and during the time in which he was shot, DECEDENT made no aggressive movements, furtive gestures, or physical movements which would appear to a reasonable police officer that DECEDENT was armed with any kind of weapon, or had the will, or ability to inflict substantial bodily harm against any individual. Both prior to and during the time DECEDENT was shot, DECEDENT did not operate his vehicle in such a manner as to appear to a reasonable police officer that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendants DOES 1-10 shot DECEDENT, DOES 1-10 were not faced with any circumstances which would have led a reasonable Officer to believe that

1   DECEDENT posed the risk of death or serious bodily injury to any person.

2      22.    Plaintiff is further informed and believes, and thereon alleges, that

3   Defendants DOES 1-10 agreed and conspired to justify and cover up the misconduct

4   alleged herein by, among other things, preparing and filing false police reports

5   regarding the shooting incident that led to the death of DECEDENT, and by falsely

6   accusing the DECEDENT of violations of laws.

7      23.    The COUNTY of LOS ANGELES and the COUNTY OF Los Angeles

8   Sheriff's Department, ratifies, condones, and acquiesces in the negligent and/or

9   excessive use of force by its Sheriff's Deputies. The COUNTY of LOS ANGELES

10   and the COUNTY OF Los Angeles Sheriff's Department ratifies, condones, and

11   acquiesces in the filing of false police reports to "cover up" negligent and/or

12   excessive use of force. The COUNTY of LOS ANGELES and the County of Los

13   Angeles Sheriff's Department ratifies, condones, and acquiesces in the falsification of

14   evidence, the fabrication of false charges and filing of false police reports to "cover

15   up" negligent and/or excessive use of force.

16      24.    Defendants DOES 1-10 filed false police reports to "cover up" the

17   excessive use of force, and to justify the excessive use of force against DECEDENT.

18   Defendants DOES 1-10, and other DOE Supervisors, DOES 5-10, did not intervene

19   to stop DOES 1-10 from using excessive force; and thereafter approved, condoned,

20   and/or ratified the false police reports written by DOES 1-10.

21      25.    The unjustified and excessive use of deadly force against DECEDENT

22   by DOES 1-10 was a result of the negligent training by Defendant COUNTY and the

23   County of Los Angeles Sheriff's Department who failed to train Sheriff's Department

24   deputies, such as DOES-10 as to proper police tactics, proper use of force, proper use

25   of deadly force, and proper police tactics in the use of force with respect to mentally

26   ill individuals. Defendant COUNTY and the Sheriff's Department were responsible

27   for the training of Sheriff's Department deputies to ensure that the actions,

28   procedures, and practices of DOES 1-10 complied with POST training standards

regarding proper police tactics, proper use of force, and proper use of deadly force.

26.     The excessive use of force against DECEDENT, as well as other acts and omissions enumerated herein, were done as a result of, or pursuant to, the unconstitutional polices, practices, customs, and procedures in place at the COUNTY of Los Angeles Sheriff's Department and sanctioned, authorized, condoned, and ratified by the COUNTY of LOS ANGELES and the Sheriff's Department, and those Commanders, Captains, Lieutenants, and Executive Supervisors of the COUNTY who have final policy making authority.

27.     Further, the excessive use of force against DECEDENT was a result of the failure of the COUNTY of LOS ANGELES and the COUNTY of Los Angeles Sheriff's Department, to adequately and sufficiently train COUNTY of Los Angeles Sheriff's Department peace officers as to proper police practices and tactics, use of force, and detention and control of persons such as DECEDENT.

28.     The excessive use of force by DOES 1-10 was a result of the failures of the COUNTY, DOES 1-10, and the COUNTY Sheriff's Department, to adequately and properly train COUNTY of Los Angeles Sheriff's Department Deputies as to POST standards in proper police practices and tactics, use of force, and detention and control of persons such as DECEDENT. The COUNTY was negligent in the training of Los Angeles Sheriff's Department Deputies, such as DOES-10, to ensure that the actions, procedures, and practices of Los Angeles Sheriff's Department Deputies complied with POST training standards regarding proper police tactics, proper use of force, and proper use of deadly force.

29.     The COUNTY of LOS ANGELES, DOES 1-10, and the COUNTY of Los Angeles Sheriff's Department, negligently failed to properly train COUNTY of LOS ANGELES Sheriff's Deputies to *de-escalate* situations and interactions with COUNTY of LOS ANGELES residents so as to avoid the use of deadly force. These negligent failures of the COUNTY of LOS ANGELES caused Los Angeles Sheriff's Department Deputies, such as DOES 1-10 herein, to *escalate* their interactions with

residents and to ***overreact*** and resort to use of deadly force when use of deadly force is **not** necessary.

30.     The COUNTY of LOS ANGELES, DOES 1-10, and the Los Angeles Sheriff's Department, negligently failed to properly train COUNTY of LOS ANGELES Sheriff's Deputies to ***de-escalate*** situations and interactions with COUNTY of LOS ANGELES residents so as <u>not</u> to ***escalate*** situations to avoid the use of excessive deadly force. As a result of these failures by the COUNTY, Deputies DOES 1-10 used excessive deadly force against DECEDENT.

31.     All the above-described intentional acts of Defendants DOES 1-10, were done with malice, that is the conduct of DOES 1-10 was done with a willful and knowing disregard of DECEDENT's rights; and were done with oppression to cause a cruel and unjust hardship, to wit, to take the life of DECEDENT; and with deliberate indifference to the rights, health, safety and welfare of DECEDENT. This conduct of Defendants DOES 1-10 therefore warrants the imposition of punitive and exemplary damages against Defendants DOES 1-10 because their deliberate acts, done with malice and oppression caused DECEDENT to suffer severe bodily injuries and death.

32.     As a result, Plaintiff has been deprived of the life-long love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of DECEDENT. Plaintiff was damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

33.     Defendants COUNTY of LOS ANGELES and DOES 1-10, each are liable to the PLAINTIFF for compensatory damages under 42 U.S.C. § 1983. PLAINTIFF brings these claims as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights. PLAINTIFF also seeks reasonable attorneys' fees pursuant to 28 U.S.C. § 1988, costs, and interest. Plaintiff also seeks

attorneys' fees pursuant to the Bane Act, and costs of suit.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

### Against the COUNTY and DOE DEFENDANTS 1-10

34.    PLAINTIFF repeats and re-alleges each and every allegation contained in paragraphs 1 through 33 of this complaint with the same force and effect as if fully set forth herein.

35.    The Fourth Amendment to the United States Constitution, and applied to state actors by the Fourteenth Amendment, provides citizens the right to be secure in their person against unreasonable searches and seizures, including the use of excessive deadly force. The excessive and unreasonable use of deadly force against DECEDENT deprived him of his right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution and made applicable to state actors by the Fourteenth Amendment. PLAINTIFF was also deprived of due process guaranteed by the Fourteenth Amendment. Because of the unlawful excessive and unreasonable force purposefully utilized against DECEDENT, he suffered serious injuries resulting in death.

36.    Plaintiff is informed and believes, and thereon alleges, that DECEDENT never threatened any of the DEFENDANTS, DOES 1-10; that DECEDENT made no aggressive movements toward any of the DEFENDANTS, DOES 1-10; that DECEDENT did not make any furtive gestures that would suggest to DOES 1-10 that DECEDENT was attempting, or intending to inflict harm on any of DOES 1-10.

37.    Plaintiff is informed and believes, and thereon alleges, that DOE DEFENDANTS 1-10 did not employ tactics to de-escalate the scenario, failed to approach and speak to DECEDENT in a non-threatening manner, and failed to give DECEDENT the opportunity to consent to and cooperate with Sheriff's Deputies' instructions. DECEDENT never threatened DOES 1-10; DECEDENT made no aggressive movements toward any of the DOE DEFENDANTS.

38.     The acts of DOES 1-10 were done with malice, that is the conduct of DOES 1-10 was done with a willful and knowing disregard of DECEDENT's rights; and were done with oppression to cause a cruel and unjust hardship, to wit, to take the life of DECEDENT; were malicious, and done with a deliberate indifference for the rights and safety of DECEDENT and therefore warrants the award of exemplary and punitive damages against DOES 1-10. All the DEFENDANTS, under 42 U.S.C. § 1983, are liable to Plaintiff for compensatory, including general and special, damages.

39.     As a result of their excessive use of deadly force which caused constitutional injuries to Plaintiff and DECEDENT, DOES 1-10 are liable for DECEDENT's injuries, either because they were integral participants in the wrongful use of excessive deadly force, or because they failed to intervene to prevent these constitutional violations.

### SECOND CLAIM FOR RELIEF
### Municipal Liability – Ratification (42 U.S.C. § 1983)
### Against the COUNTY of Los Angeles

40.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth in this cause of action.

41.     DEFENDANT COUNTY of LOS ANGELES and DOES 1-10 acted under color of law.

42.     The intentional acts and omissions of DEFENDANTS deprived DECEDENT and PLAINTIFF of constitutional rights under the United States Constitution.

43.     Upon information and belief, DOE Supervisors, DOES 5-10, are final policymakers, acting under color of law, and who had final policymaking authority concerning the acts of DOES 1-10. The COUNTY, DOE Supervisors, DOES 5-10, have ratified, have specifically approved of, the acts and omissions of DOES 1-10, and the basis for the acts and omissions of DOES 1-10. Defendant COUNTY of LOS ANGELES, and DOE Supervisors, DOES 5-10, as final policymakers, have ratified,

1   and have specifically approved of, the acts and omissions of DOES 1-10.

2   44.   Defendant COUNTY and DOE Supervisors, DOES 5-10, as final

3   policymakers, have determined that the acts and omissions of DOES 1-10 were

4   "within policy" of the Los Angeles County Sheriff's Department Policy Manual.

5   45.   Because Defendant COUNTY DOE Supervisors, DOES 5-10, as final

6   policymakers, have ratified, and have specifically approved of, the acts and omissions

7   of DOES 1-10 who were not disciplined, reprimanded, retrained, suspended, have not

8   suffered any administrative consequences, have not suffered any adverse employment

9   consequences, or otherwise penalized in any way in connection with DECEDENT's

10  death.

11  46.   Defendant COUNTY of LOS ANGELES, and DOE Supervisors, DOES

12  5-10, have manifested a deliberate indifference with regard to the excessive use of

13  deadly force against DECEDENT. PLAINTIFF has suffered the loss of the love,

14  companionship, affection, comfort, care, society, training, guidance, and moral

15  support of DECEDENT.

16  47.   Defendants COUNTY of LOS ANGELES, and DOES 1-10, are each

17  liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

18  48.   PLAINTIFF seeks wrongful death damages for the violation of

19  PLAINTIFF's and DECEDENT's rights under this claim. PLAINTIFF also seeks

20  attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

21  **THIRD CLAIM FOR RELIEF**

22  **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

23  **Against the COUNTY of Los Angeles**

24  49.   PLAINTIFF incorporates by reference each and every allegation in

25  paragraphs 1 through 48 as if fully set forth herein.

26  50.   At all times herein mentioned, Defendants DOES 1-10 acted under color

27  of law and the acts and omissions of Defendants DOES 1-10 deprived DECEDENT

28  and PLAINTIFF of their Constitutional rights under the United States Constitution.

The training policies of Defendant COUNTY were not adequate to properly train Sheriff's Department Deputies to handle the usual and recurring situations in their interactions with residents. The training policies of Defendant COUNTY and DOE Supervisors, DOES 5-10, were not adequate to properly train Sheriff's Department Deputies with regard to the use of deadly force, the permissible use of deadly weapons, and protecting the rights of residents during, and in the course of detaining residents of the County of Ls Angeles.

51.    The unjustified and excessive use of deadly force against DECEDENT by DOES 1-10 was a result of the negligent training by Defendant COUNTY and DOE Supervisors, DOES 5-10, who failed to train Sheriff's Department Deputies, such as DOES-10, as to *proper police tactics*, proper use of force, proper use of deadly force, and proper police tactics in the use of force with respect to residents of Los Angeles County. Defendant COUNTY and DOE Supervisors, DOES 5-10, were responsible for the training of Sheriff's Department Deputies to ensure that the protocols, procedures, and practices of DOES 1-10 complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, proper use of force, and proper use of deadly force.

52.    Defendant COUNTY negligently failed to train COUNTY Sheriff's Deputies, such as DOES 1-10, to comply with POST training standards regarding proper police tactics, proper use of force, and proper use of deadly force.  POST was established by the California Legislature in 1959 to set minimum training standards for California Sheriff's deputies. The training policies of Defendant COUNTY were not adequate to train Sheriff's Deputies to handle the usual and recurring situations with residents and pretrial detainees that DOES 1-10 have contact with.

53.    The training policies of Defendant COUNTY were deficient in the following:

(a) Defendant COUNTY failed to properly train Los Angeles County Sheriff's Deputies, such as DOES 1-10, to *de-escalate* interactions with residents or

pretrial detainees, so that Sheriff's Deputies do not *escalate* their interactions with residents or pretrial detainees, and do not overreact and resort to use of deadly force when the use of deadly force was not necessary. As a result of the deficient training in proper police tactics by the COUNTY, DOES 1-10 escalated their interactions with DECEDENT and used unjustified deadly force. (b) Defendant COUNTY failed to properly train Los Angeles County Sheriff's deputies, such as DOES 1-10, to not permit fear to reach the point of becoming *unreasonable fear*, and not objectively reasonable, which would result in the use of force to cause the death of residents, or pretrial detainees such as DECEDENT. This was a part of Defendant COUNTY's negligent failure to train DOES 1-10 to properly and *adequately assess* the need to use force against persons such as DECEDENT.

(c) Defendant COUNTY failed to properly train COUNTY Sheriff's deputies, such as DOES 1-10, in proper police tactics, such as *situational awareness*, so that Sheriff's deputies, DOES 1-10, do not utilize negligent tactics, which is what DOES 1-10 did in this case. Because of this lack of proper training by Defendant COUNTY, DOES 1-10 did not use proper police tactics in the handling of their contact and interaction with DECEDENT; and DOES 1- 10 used *defective* police tactics, including the lack of a *situational awareness* by DOES 1-10. These training failures by Defendant COUNTY, and the *defective* tactics used by DOES 1-10, resulted in the death of DECEDENT.

(d) Defendant COUNTY failed to properly train COUNTY Sheriff's Deputies, such as DOES 1-10, the importance of *effective communication* between Deputies prior to using any type of deadly force.

(e) Because of the lack of proper training by COUNTY, DOES 1-10 did not use effective communication prior to and during the use of force against DECEDENT. This *ineffective* communication of information by DOES 1-10, prior to and during the incident, resulted in the death of DECEDENT.

54.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of PLAINTIFF'S rights by DOES 1-10; that is, Defendants' failure to train is so closely related to the deprivation of the DECEDENT'S and PLAINTIFF's rights as to be the moving force that caused the ultimate injuries to PLAINTIFF.

55.     The training policies of the COUNTY were not adequate to train its Deputies to handle the usual and recurring situations with which they must deal with. The COUNTY was deliberately indifferent to the obvious consequences of its failure to train its law enforcement officers adequately.

56.     The failure of the COUNTY to provide adequate training caused the deprivation of PLAINTIFF's rights by DOES 1-10; that is, the COUNTY's failure to train is so closely related to the deprivation of DECEDENT and PLAINTIFF' rights as to be the moving force that caused the ultimate injury.

57.     The COUNTY failed to train DOES 1-10 properly and adequately during traffic stops with County residents. Specifically, the COUNTY failed to train COUNTY Sheriff's Department Deputies with regard to effective communications between and with other Deputies during traffic stops, and detentions of individuals in traffic stops; proper communications with County residents during a traffic stop; the correct police tactics during traffic stops of residents of the County of Los Angeles; proper police tactics so as not to engage in inproper seizures of residents; and all other situations with residents of the County of Los Angeles.

58.     By reason of the aforementioned acts and omissions of the Defendant COUNTY, PLAINTIFF has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

59.     Accordingly, Defendants COUNTY and DOES 1 through 10, each are liable to the PLAINTIFF for compensatory damages under 42 U.S.C. § 1983. PLAINTIFF brings these claims as DECEDENT's successor-in-interest as defined in

Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights. PLAINTIFF also seeks reasonable attorneys' fees pursuant to 28 U.S.C. § 1988, costs, and interest.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability -- Unconstitutional Policy, Practice, or Custom
### (42 U.S.C. § 1983) Against the COUNTY of Los Angeles

60.    PLAINTIFF incorporates by reference each and every allegation in paragraphs 1 through 59 as if fully set forth herein.

61.    The acts of DOES 1-10 have deprived DECEDENT and PLAINTIFF of their Constitutional rights under the Fourth and Fourteenth Amendments as set forth above and in so doing, acted pursuant to an expressly adopted policy, practice or custom, of the COUNTY of LOS ANGELES, specifically:

(a) By permitting COUNTY Sheriff's Deputies to use excessive force, including excessive deadly force, when there is no need for deadly force, or there is no imminent threat to Sheriff's Deputies;

(b) The COUNTY's practice or custom of providing Sheriff's Deputies inadequate training regarding the use of deadly force;

(c) The COUNTY's practice or custom of employing and retaining as Sheriff's Deputies individuals such as DOE DEFENDANTS 1-10, whom the COUNTY at all times material herein knew, or reasonably should have known, had dangerous propensities for abusing their authority and for using excessive deadly force;

(d) The COUNTY's practice or custom of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Deputy Sheriffs, including DOES 1-10, whom the COUNTY knew or in the exercise of reasonable care should have known had the propensities for using excessive deadly force;

(e) The COUNTY's policy, practice, or custom of maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and

controlling misconduct by COUNTY Deputies;

(f) The COUNTY's policy, practice, or custom of failing to adequately discipline COUNTY Deputies including DOES 1-10, for the above-referenced categories of misconduct, including "slap on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct by Sheriff's Deputies;

(g) The COUNTY's practice, policy, or custom of routinely concluding that acts of excessive use of deadly force are "within policy" including use of force instances that were later determined in Court to be unconstitutional;

(h) Even where a Deputy Sheriff's use of force is determined in Court to be unconstitutional, by refusing to discipline, terminate, or retrain the deputies involved;

(i) The COUNTY's practice, policy, or custom of encouraging, accommodating, or facilitating a "code of silence," pursuant to which Sheriff's Deputies do not report other Deputies' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another deputy, while following the code, the deputy being questioned will claim ignorance of the other deputy's wrongdoing;

(j) By maintaining a policy, practice, and custom of inaction, and an attitude of indifference towards soaring numbers of instances of use excessive force by Sheriff's Deputies, including by failing to discipline, retrain, investigate, terminate, and recommend Deputies for criminal prosecution who use excessive force against unarmed people.

62.    The aforementioned unconstitutional customs, practices, and policies, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior cases involving the use of deadly force against residents of the County by Deputies working for the LOS ANGELES COUNTY Sheriff's Department.

63.     The COUNTY's longstanding practice or custom caused the deprivation of DECEDENT and PLAINTIFF' rights by DOES 1-10; that is, the COUNTY's official policy condoning excessive force against residents is so closely related to the deprivation of the DECEDENT's and PLAINTIFF' rights in this case as to be the moving force that caused DECEDENT's death.

64.     Defendants COUNTY of LOS ANGELES and DOE SUPERVISORS, DOES 5-10, together with various Executive officials who had final policy making authority, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge of the policy, practice, or custom, as stated above, the Defendants COUNTY of LOS ANGELES and DOE SUPERVISORS, DOES 5-10, together with various Executive officials who had final policy making authority, condoned, acquiesced, ratified, and approved of the actions of Defendants DOES 1-10. Defendant COUNTY OF LOS ANGELES also acted with a negligent, reckless, and deliberate indifference to the foreseeable consequences of these policies, and customs with respect to those rights guaranteed to DECEDENT and PLAINTIFF by Federal laws, and by state laws of the State of California.

65.     The DEFENDANTS COUNTY of LOS ANGELES, and DOE SUPERVISORS, DOES 5-10, together with various Executive officials who had final policy making authority, also acted with deliberate indifference to the foreseeable effects and consequences of these practices and customs with respect to the Constitutional rights of DECEDENT, PLAINTIFF, and other individuals similarly situated.

66.     By perpetrating, sanctioning and ratifying the excessive use of force, and other wrongful acts, the COUNTY, and DOE SUPERVISORS, DOES 5-10, together with various Executive officials who had final policy making authority, acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and PLAINTIFF's Constitutional rights. Furthermore, the policies,

practices, and customs implemented, maintained, and still tolerated by all the DEFENDANTS were affirmatively linked to, and were a significantly influential force, behind the Constitutional injuries of DECEDENT and PLAINTIFF.

67.    Accordingly, DEFENDANT COUNTY is liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

68.    PLAINTIFF brings this claim individually and as successor in interest to DECEDENT, and seeks wrongful death damages under this claim. PLAINTIFF also seeks attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Negligence (Cal. Govt. Code § 815.2, § 820, and California Common Law)**

**Negligent Use of Force**

**(By Plaintiff Against All Defendants)**

69.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

70.    At all pertinent times, Defendants COUNTY of LOS ANGELES, and DOES 1 through 10, owed DECEDENT and PLAINTIFF various legal duties. The Defendants also owed a duty of care to DECEDENT. The said Defendants were under a legal duty for the care, and safety of DECEDENT. Such duty required said Defendants to act with reasonable care when:

    a) Detaining, controlling, restraining, and arresting persons to avoid causing injury to such persons;

    b) Selecting and executing POST police procedures related to the arrest and detention of persons in motor vehicles

    c) To properly assess the necessity of use of force against DECEDENT, and in the operation of their firearms;

    d) To properly assess, and re-assess, tactics and handling of the situation with DECEDENT;

e) To properly assess, and re-assess, the necessity of detention and/or arrest of DECEDENT;

f) To properly train and supervise COUNTY employees, such as DOES 1 through 10;

g) To properly assess tactics to ensure that COUNTY Sheriff's Deputies with appropriate training were available to meet the needs of DECEDENT, and to protect the Constitutional rights of DECEDENT and PLAINTIFF.

71. On April 26, 2009, Defendants DOES 1-10 negligently, recklessly, and without proper care, used excessive deadly force against DECEDENT. Defendants DOES 1-10 had no legal justification to use excessive deadly force. Defendants DOES 1-10 negligently failed to determine the fact that DECEDENT was unarmed when he was shot 61 times; negligently failed to determine that DECEDENT posed no threat of physical harm to any person when DECEDENT was shot; negligently inflicted very serious physical injuries to DECEDENT as described, and negligently employing excessive deadly force against DECEDENT; and the excessive use of deadly force by DOES 1-10 was unnecessary, unlawful, and was the proximate cause of the Constitutional injuries suffered by DECEDENT and PLAINTIFF.

72. This shooting incident was additionally caused by the negligent deployment by the COUNTY of Sheriff's Deputies; and the negligence of Defendants DOES 5-10, DOE Supervisors and the failure of these Supervisors and Sheriff's Deputies to develop a tactically sound plan for approaching DECEDENT's vehicle, and peacefully detaining DECEDENT once he had stopped his vehicle. As a result, Defendant DOES 1-10's negligent actions and negligent decisions led to poor decisions regarding numerous tactical issues such as failure to take cover, the abandonment of cover, failure to consider cross fire, failure to consider background, poor control of gunfire, and negligent assessment and reassessment of a nonexistent threat presented by DECEDENT.

73.     As a sole, direct and proximate result of the acts and omissions herein described of DOES 1-10, and the breach of the duties owed by the said Defendants, DECEDENT has suffered severe bodily injury and death. As a result, PLAINTIFF has been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of DECEDENT. Plaintiff was damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

74.     Defendant COUNTY of LOS ANGELES is vicariously liable for the wrongful acts of Defendants DOES 1-10, for their wrongful acts pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. PLAINTIFF brings this claim both individually and as successor in interest to DECEDENT, and seeks wrongful death damages.

## SIXTH CLAIM FOR RELIEF

### Battery – Wrongful Death

### (By Plaintiff Against Defendants COUNTY and DOES 1 through 10)

75.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

76.     Individuals such as DECEDENT have a right to be free of unprovoked attacks and excessive use of deadly force upon their person by COUNTY Sheriff's Deputies.

77.     In committing the acts alleged herein, DECEDENT was violently, wrongfully, and intentionally battered and shot 61 times by Defendants DOES 1-10, and each of them, who fired multiple rounds of live ammunition at Decedent with the intent to inflict serious bodily injury, striking DECEDENT at least 61 times.

78.     At no time did DECEDENT consent, constructively or otherwise, to such a battery and did not consent to being shot 61 times, nor was consent obtained by law or by a Court order. DOES 1-10, while working for the LOS ANGELES COUNTY Sheriff's Department, and acting within the course and scope of their employment and duties as Deputy Sheriffs, intentionally shot DECEDENT, using unreasonable and excessive force against him. As a result of the actions of DOES 1-10, DECEDENT suffered severe pain and suffering and ultimately died from his injuries. DOES 1-10 had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as Deputy Sheriffs was an unreasonable se of force and each DOE Defendant committed a battery against DECEDENT. Each of DOES 1-10 integrally participated or failed to intervene in the excessive use of force.

79.     As a direct and proximate result of the actions of DOES 1-10, DECEDENT suffered severe bodily injury and death. As a result, PLAINTIFF has been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance, of DECEDENT.

80.     On information and belief, Defendants DOES 1-10, acted with malice and with the intent to cause injury to DECEDENT; or acted with willful and conscious disregard of the rights of DECEDENT. The aforementioned acts of the individual Defendants were willful, wanton, malicious and oppressive, and justify the award of exemplary damages as against the individual DOE Defendants.

81.     Plaintiff seeks compensatory damages, and costs under this claim.

## SEVENTH CLAIM FOR RELIEF
### NEGLIGENT TRAINING AND SUPERVISION

**(By Plaintiff Against Defendants COUNTY and DOES 1 through 10)**

82.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause

of action.

83.    Defendants DOES 1-10, acted under color of law as Sheriff's Deputies employed by the COUNTY of LOS ANGELES.

84.    The acts of Defendants DOES 1-10, deprived DECEDENT of rights guaranteed to him under the laws of the State of California; and deprived PLAINTIFF of rights guaranteed to him under the laws of the State of California.

85.    Upon information and belief, Defendant COUNTY and Defendants DOE SUPERVISORS 5-10, are final policymakers for the Defendant COUNTY of LOS ANGELES, acting under the color of law, and had policymaking, and supervisory authority, over Defendants DOES 1-10; and Defendant COUNTY negligently ratified, condoned and acquiesced in the acts and violations of law committed by Defendants DOES 1-10.

86.    Upon information and belief, Defendant COUNTY of LOS ANGELES negligently determined that the acts of Defendants DOES 1 through 10 were "within policy" and the COUNTY negligently ratified and acquiesced in the unlawful acts of Defendants DOES 1-10.

87.    On and for some time prior to April 26, 2009, and continuing to the present date, Defendants COUNTY OF LOS ANGELES and DOES 1-10, negligently deprived DECEDENT and PLAINTIFF of rights and liberties secured to them by the laws of the State of California, and said Defendants and their supervising and managerial employees, agents, and representatives, acted recklessly, negligently, and with deliberate indifference to the rights and liberties of the residents of the COUNTY of LOS ANGELES, such as DECEDENT and the PLAINTIFF, and negligently maintained and enforced, an official COUNTY custom, policy and practice of:

a.    Negligently employing, retaining, and supervising Sheriff's Deputies, including Defendants DOES 1-10, who Defendant COUNTY knew or reasonably should have known, had reckless and dangerous propensities for abusing their authority and using

1   excessive force against residents who posed no threat to Sheriff's
2   Deputies, such as DECEDENT; and who would fail to follow the
3   laws of the State of California;

4   b.      The COUNTY and DOES 1-10, and the Sheriff's Department,
5   negligently failed to properly train and failed to properly supervise
6   COUNTY Sheriff's Deputies to *de-escalate* situations and interactions
7   with COUNTY of LOS ANGELES residents to avoid the use of deadly
8   force. These negligent failures of the COUNTY caused COUNTY
9   Sheriff's Deputies, such as DOES 1 through 10, to *escalate* interactions
10  with residents and to *overreact* and resort to use of force when use of
11  force is not necessary.

12  c.      The COUNTY of LOS ANGELES, DOES 1-10, and the
13  COUNTY Sheriff's Department, negligently failed to properly train and
14  failed to properly supervise COUNTY Sheriff's Deputies to *de-escalate*
15  situations and interactions with COUNTY residents so as not to *escalate*
16  situations to avoid the use of excessive force. As a result of these
17  negligent failures by the COUNTY, DOES 1-10 used excessive deadly
18  force against DECEDENT and caused Constitutional injuries and
19  damages to PLAINTIFF.

20  d.      The COUNTY of LOS ANGELES negligently supervised,
21  negligently trained, and negligently retained COUNTY Sheriff's
22  Deputies, such as Defendants DOES 1-10, who engaged in
23  misconduct, such as using excessive force, against the residents of the
24  COUNTY, and against DECEDENT;

25  e.      By negligently maintaining grossly inadequate procedures for
26  COUNTY Sheriff's Deputies in the reporting, reviewing,
27  investigating, disciplining, and controlling the intentional misconduct
28  COUNTY Sheriff's Deputies, such as Defendants DOES 1-10;

f.      By failing to discipline COUNTY Sheriff's Deputies, such as Defendants DOES 1-10, who were the subject of complaints by residents alleging misconduct and excessive force against the said Defendant Deputies, DOES 1-10.

g.      By failing to establish adequate procedures for training and supervising COUNTY Sheriff's Deputies so that COUNTY Sheriff's Deputies adhere to POST standards and respect the laws of the State of California;

88.     As a result of the aforementioned acts, and failures to properly train and properly supervise Defendants DOES 1-10, said DOES 1-10 used excessive force against DECEDENT by employing deadly force against the DECEDENT without justification and in violation of the laws of the State of California. The acts of Defendants DOES 1-10, were done with malice, that is the conduct of DOES 1-10 was done with a willful and knowing disregard of DECEDENT's rights; and were done with oppression to cause a cruel and unjust hardship, to take the life of DECEDENT.

89.     As a direct and proximate cause of the acts alleged herein, DECEDENT suffered severe bodily injury and death. As a proximate result, PLAINTIFF has been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, of DECEDENT. PLAINTIFF was damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

90.     Plaintiff seeks compensatory damages, and costs under this claim.

### EIGHTH CLAIM FOR RELIEF

### Violation of Bane Act Cal. Civil Code §52.1

### (By Plaintiff Against Defendants DOES 1 through 10)

91.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

92.     California Civil Code, Section 52.1 (the Bane Act), applies to this compliant with the same force and effect as fully set forth herein:

(a) If a person or person(s), whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of this state…a civil action for injunctive and other appropriate equitable relief may be brought.

(b) an individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as descried in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

93.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. California Civil Code, Section 52.1 (the Bane Act), applies to this Complaint with the same force and effect as fully set forth herein.

94.     The Bane Act, the California Constitution, and California common law, prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. See *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Long Beach*, 751 F.3d 1096, 1105-06 (9th Cir. 1014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.1013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. County of L.A.*, 217 Cal.App.4th 968, 976 (1013) ("an unlawful [seizure] when accompanied by unnecessary, deliberate and excessive force - is within the protection of

the Bane Act").

95.    On information and belief, Defendants DOES 1-0 violated DECEDENT'S Fourth Amendment rights to be free from unreasonable seizures when DOES 1-10 used excessive force against DECEDENT because of his Latino ethnicity, causing his death.

96.    DECEDENT was caused to suffer severe pain and suffering and ultimately died for which he, by Plaintiff as his successor-in-interest, is entitled to recover survival damages.

97.    The conduct of Defendants DOES 1-10 was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT.

98.    The COUNTY of LOS ANGELES is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

99.    On information and belief, Defendants DOES 1-10, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, which included the unnecessary use of lethal and deadly force upon an unarmed and non-violent individual without justification or excuse, by integrally participating and failing to intervene in the above referenced violence.

100.    Defendants DOES 1-10 interfered with DECEDENT's civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

101.    On information and belief, Defendants DOES 1-10, intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

102.    Defendants DOES 1-10 thus successfully interfered with the above civil rights of DECEDENT and the PLAINTIFF.

103.    Defendant COUNTY and Defendants DOES 1-10 are vicariously liable under California law and the doctrine of respondeat superior.

104.    The PLAINTIFF brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. PLAINTIFF also seeks reasonable attorneys' fees pursuant to C.C.P. Section 1021.5, costs, and interest.

105.    On information and belief, DOES 1-10, conspired to and in fact did deprive DECEDENT of his right to equal protection of the laws and equal privileges and immunities under the laws; subjecting him to physical violence because of racial prejudice against DECEDENT because of his Latino ancestry, in spite of the fact that DECEDENT was a citizen of the United States; and thereby proximately causing damages to DECEDENT and to PLAINTIFF.

106.    In committing the acts of racial discrimination as described herein, each of the Defendants violated DECEDENT's right to be free from violence and threats of violence as guaranteed to him by California Civil Code Sections 51.7, 52, and 52.1.

107.    At all times mentioned, Defendant COUNTY employed DOES 1-10, and said DOES 1-10 with official badges and identification cards which designated and described Defendants DOES 1-10 as employees of the COUNTY and the County of Los Angeles Sheriff's Department.

108.    During all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the State of California and County of Los Angeles.

//

//

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants COUNTY of LOS ANGELES, and DOES 1-10, inclusive, on each and every cause of action above, and demands the following relief, jointly and severally, against all the Defendants as follows:

A.    For compensatory damages, special damages, economic damages, and non-economic damages in an amount to be proven at trial;

B.    For exemplary and punitive damages against the individual defendants, DOES 1-10, in an amount to be proven at trial;

C.    For reasonable attorneys' fees pursuant to 28 U.S.C. § 1988, costs, and interest.

D.    For reasonable attorneys' fees and expenses of litigation, including those fees permitted by California Civil Code, Section 52.1 (the Bane Act);

E.    For Costs of suit necessarily incurred herein;

F.    For such further relief as the Court deems just, or proper.

DATED:  April 7, 2020

CARRILLO LAW FIRM, LLP

By_____/S/_____
Luis A. Carrillo
Attorney for Plaintiff

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2   Plaintiff hereby demands a trial by jury.

3

4 DATED: April 7, 2020    CARRILLO LAW OFFICES. LLP

5

6          By_____/S/_____

7           Luis A. Carrillo
            Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL