

**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANE D.M. DOE, a minor, by and through her Guardian ad Litem, Ivette Rodriguez, | ) ) ) | Case No.  20-cv-3218 DDP (JPRx) |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) ) | **MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR** |
| v. | ) ) | **DAMAGES** |
| | ) ) | [Dkt. 37] |
| | ) ) | |
| | ) ) | |
| COUNTY OF LOS ANGELES, and DOES 1 through 10, inclusive, | ) ) | |
| | ) ) | |
| Defendants. | ) ) | |
| | ) | |

Presently before the court is County of Los Angeles' Motion to Dismiss Second Amended Complaint for Damages.  (Dkt. 37, Mot.)  Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I. BACKGROUND**

Plaintiff JANE D.M. DOE ("Plaintiff") "was born on April 11, 2008 and is a minor residing in the County of Los Angeles, California."  (Dkt. 36, Second Amend. Compl.

("SAC") ¶ 5.)  "Plaintiff is the natural born daughter of [Alfredo Montalvo ("Decedent")] . . . [as] confirmed by DNA testing."  (*Id.*)  Defendant County of Los Angeles ("County") "is, and was, a duly organized public entity existing under the laws of the State of California."  (*Id.* ¶ 6.)  Defendants DOES 1-10 "were duly appointed County of Los Angeles Sheriff's Deputies and [ ] employees or agents of County . . . ."  (*Id.* ¶ 7.)

Plaintiff alleges that "[o]n or about April 26, 2009, at or near the intersection of Santa Fe and Norton Avenues in the city of Lynwood, California, Defendants DOES 1-10 shot [Decedent] sixty-one (61) times and [Decedent] was unarmed at the time he was shot and killed by DOES 1-10."  (*Id.* ¶ 39.)  Plaintiff also alleges that "[o]n November 6, 2009, three of Decedent's family members filed a complaint against the County in [ ] Superior Court for the County of Los Angeles, Case No. TC023708, [("Montalvo Action")] for the alleged violation of civil rights, negligence, negligent hiring, training and supervision, battery, intentional infliction of emotional distress and wrongful death."  (*Id.* ¶ 14.)  The Montalvo Action did not include Plaintiff.  (*Id.*)  In the Montalvo Action, "[o]n November 20, 2012, a twelve-person jury returned a verdict awarding . . . $8.5 million in damages after finding that the County was negligent in the shooting of Decedent . . . ."  (*Id.* ¶ 15.)  Plaintiff asserts that her claims "remain without adjudication and, in the furtherance of the interests of justice the instant Complaint seeks a judicial remedy for [Plaintiff's] claims . . . ." arising from the County's wrongful shooting of Decedent.  (*Id.*)

On April 7, 2020, Plaintiff commenced this action against the County asserting federal and state law claims on behalf of herself and on behalf of Decedent.  (Dkt. 1, Compl.)  On October 20, 2020, the court granted the County's Motion to Dismiss and granted Plaintiff leave to amend to sufficiently allege the wrongful death claims and to sufficiently allege standing.  (Dkt. 28.)  On December 30, 2020, the court granted the County's Motion to Dismiss the First Amended Complaint and granted Plaintiff leave to sufficiently allege standing.  (Dkt. 35.)  The County presently moves to dismiss contending that Plaintiff failed to provide specific factual allegations.  (*See* Mot.)

## II. LEGAL STANDARD

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id.* at 678 (citations and internal quotation marks omitted).

## III. DISCUSSION

### A.  Article III Standing

The County argues that Plaintiff has insufficiently pled standing under the standards set forth by the Supreme Court in *Lehr v. Robertson*, 463 U.S. 248 (1983) and more recently, the Ninth Circuit in *Wheeler v. City of Santa Clara*, 894 F.3d 1046 (9th Cir. 2018). (Mot. at 4-5.) According to the County, Plaintiff's new allegations are conclusory and do not sufficiently provide whether Decedent's involvement in child-rearing activities was "daily, weekly, monthly, or otherwise . . . ." (*Id.* at 7.)

"A decedent's parents and children generally have the right to assert substantive due process claims under the Fourteenth Amendment." *Wheeler*, 894 F.3d at 1057. "[C]hildren's Fourteenth Amendment rights to companionship with their parents have been interpreted as reciprocal to their parents' rights." *Id.* at 1058. The Supreme Court has made clear that "the mere existence of a biological link does not merit [ ]

3

constitutional protection." *Lehr*, 463 U.S. at 261.  Instead, "[j]udicially enforceable Fourteenth Amendment interests require enduring relationships reflecting an assumption of parental responsibility and 'stem[ ] from the emotional attachments that derive from the intimacy of daily association, and from the role it plays in promoting a way of life through the instruction of children.'"  *Wheeler*, 894 F.3d at 1058 (quoting *Lehr*, 463 U.S. at 256-61)).  Therefore, "even biological parents must maintain consistent involvement in a child's life and participation in child-rearing activities for their relationship to be entitled to the Fourteenth Amendment protections . . . ."  *Id.*

In the Second Amended Complaint, Plaintiff alleges that "Decedent helped raise Plaintiff for the first year of Plaintiff's life," that Decedent changed Plaintiff's diapers, fed Plaintiff, prepared food for Plaintiff, and was present when Plaintiff began to crawl and walk.  (SAC ¶¶ 22-24.)  Plaintiff further alleges that when "Decedent was not taking care of Plaintiff, Decedent would frequently 'message' Plaintiff's mother . . . to make sure that Plaintiff was well . . . ."  (*Id.* ¶ 27.)  Decedent and Plaintiff's mother would talk about Plaintiff's future and "planned that they would save money for college for Plaintiff."  (*Id.* ¶ 28.)  Plaintiff also alleges that "Decedent [ ] provided money to Plaintiff's mother for Plaintiff's clothes and other necessities because Decedent loved Plaintiff very much."  (*Id.* ¶ 29.)  The allegations do not provide the frequency of any one of these child-rearing activities.  However, in this case, the absence of such allegations is not fatal at the pleading stage.  Plaintiff was an infant, only a year and two weeks old, at the time of Decedent's death.  (*Id.* ¶ 39.)  The allegations describing specific child-rearing activities during Plaintiff's first year, such as changing, feeding, and preparing meals, and providing money for Plaintiff's necessities, plausibly set forth Decedent's ongoing involvement in Plaintiff's life and participation in child-rearing activities.

///

///

///

4

1

## IV. CONCLUSION

2          The court denies the County's Motion to Dismiss the Second Amended Complaint

3   without prejudice.  As set forth on the record, nothing in this order prevents the County

4   from revisiting the standing issue.

5

6   **IT IS SO ORDERED.**

7   Dated:  April 26, 2021

8

9

10                                        _____

11                                             DEAN D. PREGERSON

12                                        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        5